UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

## 04 10801 MEL

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | |
| | C.A. No. |
| v. | |
| ALLEN M. GLICK ET AL., | |
| Defendants. | |

## CONSENT OF DEFENDANT ALLEN M. GLICK

1.      Defendant Allen M. Glick ("Defendant") acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.      Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the Final Judgment in the form attached hereto and incorporated by reference herein, which, among other things:

(a)      permanently restrains and enjoins Defendant from violation of

§ 10(b) of the Securities Exchange Act of 1934 ("Exchange Act")

[15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17

C.F.R. § 240.10b-5];

(b)      orders Defendant to pay disgorgement in the amount of

$98,823.50, plus prejudgment interest thereon in the amount of

$10,555.82;

1

(c) orders Defendant to pay a civil penalty in the amount of $165,875.25

under § 21A of the Exchange Act [15 U.S.C. § 78u-1]; and

(d) permanently bars Defendant, pursuant to § 21(d)(2) of the Exchange

Act [15 U.S.C. § 78u(d)(2)], from serving as an officer or director of

any issuer required to file reports with the Commission pursuant to

§§ 12(b), 12(g) or 15(d) of the Exchange Act [15 U.S.C. § § 781(b),

781(g) and 78o(d)];

3.     Defendant acknowledges that the civil penalty paid pursuant to the Final

Judgment to be entered by the Court may be distributed pursuant to the Fair Fund

provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether

any such Fair Fund distribution is made, the civil penalty shall be treated as a penalty

paid to the government for all purposes, including all tax purposes. To preserve the

deterrent effect of the civil penalty, Defendant agrees that he shall not, in any Related

Investor Action, benefit from any offset or reduction of any investor's claim by the

amount of any Fair Fund distribution to such investor in this action that is proportionately

attributable to the civil penalty paid by Defendant ("Penalty Offset"). If the court in any

Related Investor Action grants such an offset or reduction, Defendant agrees that he shall,

within 30 days after entry of a final order granting the offset or reduction, notify the

Commission's counsel in this action and pay the amount of the Penalty Offset to the

United States Treasury or to a Fair Fund, as the Commission directs. Such a payment

shall not be deemed an additional civil penalty and shall not be deemed to change the

amount of the civil penalty imposed in this action. For purposes of this paragraph, a

"Related Investor Action" means a private damages action brought against Defendant by

2

or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

4.    Defendant agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

5.    Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6.    Defendant waives the right, if any, to appeal from the entry of the Final Judgment.

7.    Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

8.    Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

3

9.    Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

10.    Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

11.    Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative

proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

12.    Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in defense of litigation or in defense of other legal proceedings in which the Commission is not a party.

13.    Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to pursue reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

14.     In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

15.     Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

16.     Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: _March 8, 2004_                          _Allen M. Glick_

                                                Allen M. Glick

On ___8th MARCH___, 2004, ___ALLEN M. GLICK___, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

                                                _Daniel Bellmore_

                                                Notary Public
                                                Commission expires:

                                                DANIEL BELLMORE, Notary Public
                                                My Commission Expires February 10, 2007

Approved as to form:

_Richard P. Swanson_

Richard P. Swanson, Esq.
Thelen, Reid & Priest LLP
875 Third Avenue
New York, NY 10022
tel. (212) 603-6783
Attorney for Defendant