UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

ALLEN M. GLICK ET AL.,

Defendants.

C.A. No.

04 10801 MEL

## CONSENT OF DEFENDANT JEFFREY S. EPSTEIN

1.    Defendant Jeffrey S. Epstein ("Defendant") acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.    Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the Final Judgment in the form attached hereto and incorporated by reference herein, which, among other things:

> (a)    permanently restrains and enjoins Defendant from violation of § 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5];
>
> (b)    orders Defendant to pay disgorgement in the amount of $34,109, plus prejudgment interest thereon in the amount of $4,314.06; and

(c)    orders Defendant to pay a civil penalty in the amount of $34,109

under § 21A of the Exchange Act [15 U.S.C. § 78u-1].

3.    Defendant acknowledges that the civil penalty paid pursuant to the Final

Judgment to be entered by the Court may be distributed pursuant to the Fair Fund

provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether

any such Fair Fund distribution is made, the civil penalty shall be treated as a penalty

paid to the government for all purposes, including all tax purposes.

4.    Defendant waives the entry of findings of fact and conclusions of law

pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5.    Defendant waives the right, if any, to appeal from the entry of the Final

Judgment.

6.    Defendant enters into this Consent voluntarily and represents that no

threats, offers, promises, or inducements of any kind have been made by the Commission

or any member, officer, employee, agent, or representative of the Commission to induce

Defendant to enter into this Consent.

7.    Defendant agrees that this Consent shall be incorporated into the Final

Judgment with the same force and effect as if fully set forth therein.

8.    Defendant will not oppose the enforcement of the Final Judgment on the

ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil

Procedure, and hereby waives any objection based thereon.

9.    Defendant waives service of the Final Judgment and agrees that entry of

the Final Judgment by the Court and filing with the Clerk of the Court will constitute

notice to Defendant of its terms and conditions. Defendant further agrees to provide

counsel for the Commission, within thirty days after the Final Judgment is filed with the

Clerk of the Court, with an affidavit or declaration stating that Defendant has received

and read a copy of the Final Judgment.

10.    Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims

asserted against Defendant in this civil proceeding. Defendant waives any claim of

Double Jeopardy based upon the settlement of this proceeding, including the imposition

of any remedy or civil penalty herein. Defendant further acknowledges that the Court's

entry of a permanent injunction may have collateral consequences under federal or state

law and the rules and regulations of self-regulatory organizations, licensing boards, and

other regulatory organizations. Such collateral consequences include, but are not limited

to, a statutory disqualification with respect to membership or participation in, or

association with a member of, a self-regulatory organization. This statutory

disqualification has consequences that are separate from any sanction imposed in an

administrative proceeding.

11.    Defendant understands and agrees to comply with the Commission's

policy "not to permit a defendant or respondent to consent to a judgment or order that

imposes a sanction while denying the allegation in the complaint or order for

proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant agrees: (i)

not to take any action or to make or permit to be made any public statement denying,

directly or indirectly, any allegation in the complaint or creating the impression that the

complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant

hereby withdraws any papers filed in this action to the extent that they deny any

allegation in the complaint. If Defendant breaches this agreement, the Commission may

petition the Court to vacate the Final Judgment and restore this action to its active docket.

Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to

take legal or factual positions in defense of litigation or in defense of other legal

proceedings in which the Commission is not a party.

  12. Defendant hereby waives any rights under the Equal Access to Justice Act,

the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision

of law to pursue reimbursement of attorney's fees or other fees, expenses, or costs

expended by Defendant to defend against this action. For these purposes, Defendant

agrees that Defendant is not the prevailing party in this action since the parties have

reached a good faith settlement.

  13. In connection with this action and any related judicial or administrative

proceeding or investigation commenced by the Commission or to which the Commission

is a party, Defendant (i) agrees to appear and be interviewed by Commission staff at such

times and places as the staff requests upon reasonable notice; (ii) will accept service by

mail or facsimile transmission of notices or subpoenas for documents or testimony at

depositions, hearings, or trials, or in connection with any related investigation by

Commission staff; (iii) appoints Defendant's undersigned attorney as agent to receive

service of such notices and subpoenas; (iv) with respect to such notices and subpoenas,

waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil

Procedure and any applicable local rules, provided that the party requesting the testimony

reimburses Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S.

Government per diem rates; and (v) consents to personal jurisdiction over Defendant in

any United States District Court for purposes of enforcing any such subpoena.

14.     Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15.     Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: MAY   22, 2003                          _____
                                               Jeffrey S. Epstein

On May 22 , 2003, _Jeffrey S. Epstein_ a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

                                               _____
                                               Notary Public        SUE SIROTA
                                               Commission expires:  4/11/2008

Approved as to form:

_____
Richard B. Michaud, Esq.
Bernkopf, Goodman & Baseman LLP
125 Summer Street, Suite 1300
Boston, MA 02110
tel. (617) 790-3335
Attorney for Defendant